UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In Re: ) | |
| ) | **Chapter 13** |
| **BRUCE E. MULLEN and** ) | |
| **KATHLEEN A. MULLEN,** ) | Case No.: 13-21151 |
| ) | |
| **Debtors.** ) | |
| ) | |

**ORDER ON FIRST APPLICATION OF MOLLEUR LAW OFFICE
FOR COMPENSATION FOR SERVICES**

**I. INTRODUCTION.**

This matter came before me on the first application of Molleur Law Office ("MLO") for compensation as counsel for Bruce E. Mullen and Kathleen A. Mullen (the "Debtors") (Docket Entry ("DE") 21). This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a), 1334, and United States District Court for the District of Maine Local Rule 83.6(a). This is a core proceeding under 28 U.S.C. § 157(b).

**II. FACTUAL BACKGROUND.**

MLO's application sought approval of $9,070.26 ($8,597.50 in fees and $472.76 in expenses) for its representation of the Debtors from January 12, 2010, through April 4, 2014. Peter C. Fessenden, the standing Chapter 13 trustee for the District of Maine (the "Trustee"), objected to the application and raised various concerns, including the lack of specificity of time entries, billing clerical work at paraprofessional rates, the failure to account for a $1,500 payment made by the Debtors, and seeking fees for services rendered nearly four years before the filing of the case (DE 24). MLO responded to the Trustee's objections (DE 25), reduced the amount it sought to $8,570.26, and applied the Debtors' $1,500 payment, resulting in an outstanding balance of $4,796.26 after applying other payments by the Debtors. The Trustee

persisted in his remaining objections, and the parties submitted this dispute to be decided on the evidence and arguments set forth in the pleadings.

### III. DISCUSSION.

11 U.S.C. § 330(a)[1] allows the award of reasonable compensation for actual, necessary services and expenses rendered or incurred by counsel in connection with the debtor's case. In the chapter 13 context, "the court may allow reasonable compensation to a debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section". Section § 330(a)(4)(B). "Other factors" include:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

These considerations "mirror those encapsulated in the traditional lodestar approach to calculating attorneys' fees." *Berliner v. Pappalardo (In re Sullivan)*, 674 F.3d 65, 69 (1st Cir. 2012). They should not be applied mechanically, but rather establish a "flexible paradigm" by

---

[1] All references to the "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, et seq.

which a court can evaluate and determine a reasonable fee award. *Id.* Counsel seeking the fee award bears the burden of proof. *In re Little*, 484 B.R. 506, 510 (B.A.P. 1st Cir. 2013).

Based on the factors laid out in § 330, I partially grant MLO's amended application for the following reasons:

First, for the most part,[2] MLO responded to the Trustee's objections that certain time entries (a) were too vague to identify whether the work was necessary or reasonable, (b) related to clerical services, or (c) concerned representation unrelated to the bankruptcy case. Except as addressed below, MLO's response successfully countered the first two components of these objections because it provided additional and sufficient information for me to conclude that the work was necessary and beneficial, and that the time entries challenged in ¶14(b) of the Trustee's objection were not merely clerical.

As to the third component of this objection, MLO's response addressed the Trustee's challenge that two particular time entries are not related to the case. The Trustee included only part of the time entries from MLO's time sheets listed on Exhibit B of the application. The complete time entries read:

*"Nov-08-13    completion of court packet **for hearing on MRS 111213**[3]    0.3    33.00    ESA"*

*"Nov-22-13    Prepared final draft plan and petition **with original signatures for 341 meeting and welcome packet; welcome packet to clients**    0.3    33.00    ESA"*

---

[2] Though the Trustee is correct that the majority of the time entries listed in ¶15 of the objection totaling $173.50 are too vague to be allowed (except for the lone entry in ¶15(xii) for which MLO provided additional information supporting its allowance), the Trustee's challenge to these charges is mooted by MLO's agreement to reduce its fee application by $500.00.

[3] The information in **bold** was included by MLO on Exhibit B but was not cited by the Trustee in his objection.

The more fulsome explanation in the actual entry, as well as the information in MLO's response, provide sufficient information so that I find the work performed was necessary. Therefore, the Trustee's objections to these portions of the application are overruled.

Next, the gravamen of the objection concerns work performed by MLO long before the case was filed. I find that MLO has not met its burden to receive the full compensation it seeks. While there may be instances in which legal work performed for a debtor four years prior to a bankruptcy filing is directly related and beneficial to a case, an applicant's burden to prove this increases as time passes. This preserves estate property for, among other things, payments to unsecured creditors.

I divided the time spent by MLO into five categories as a convenience for my examination of the MLO time entries in light of the factors set forth in § 330:

|   | Date of Services | Amount | Date of Payments | Amount | Balance Owed |
|---|---|---|---|---|---|
| 1. | 1/12/10 – 12/1/10 | $2,533.00[4] | 3/5/10 – 11/01/10 | $2,274.00 | $259.00 |
| 2. | 12/2/10 – 6/15/12 | $1,230.00 | None | $0.00 | $1,489.00 |
| 3. | 4/3/13 – 4/3/13 | $138.00 | None | $0.00 | $1,627.00 |
| 4. | 10/23/13 – 11/12/13[5] | $1,925.00 | 11/4/13 | $1,500.00 | $2,052.00 |
| 5. | 11/13/13 – 4/3/14 | $3,244.26[6] | 3/24/14 | $1,000.00 | $4,296.26 |

The first category concerns work MLO performed and for which it was paid over three years before the filing of this case. These time entries describe legal services for bankruptcy, taxes, sale options, debt collection, home mortgage loan modification, and foreclosure

---

[4] This amount includes $70 for a June 14, 2010, credit report and $16 for November 10, 2010, travel expenses.

[5] This was the commencement date of this case.

[6] This amount includes $386.76 of expenses for photocopies, postage, filing fee, and a credit report.

representation.  All of these services are of the types commonly associated with a bankruptcy case.  However, based on the evidence before me, I cannot ascertain whether the work covered by this category of time was directly related and beneficial to this particular case.  Therefore, given the passage of time between the rendering of these services and the filing of the Debtors' case, as well as the lack of specific evidence establishing why this work was "necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of" this case (as is required by § 330(a)(3)(c)), the Trustee's objection as to these fees is sustained.[7]

The second category of time entries encompasses work performed at least one year and five months prior to the commencement of the case.   This category presents a similar problem of staleness and I conclude that the time entries in Exhibit B do not provide enough information to satisfy MLO's burden under § 330.  For the same reasons described above, the $1,230 constituting the fees sought in the second category is disallowed.

Categories three and four occurred after a ten-month lull, a slight amount of work in April of 2013, followed by another six-month break, when the Debtors and MLO undertook a flurry of activity resulting in the November 12, 2013 case filing.  Category five is all post-petition representation through April 2014.  Based on my examination of the descriptions of the time encompassed by these three categories as set forth in Exhibit B, as well as the proximity of such entries to the filing of this case, I determine that MLO meets its burden as to these three categories of time and will be allowed fees of $5,307.26.

---

[7] This does not mean that MLO must disgorge itself of the payments of $2,533.00 it received in 2010.  These services were provided several years ago, MLO was paid from assets that were not assets of the estate, and such payment did not adversely impact the unsecured creditors.  As such, I am neither providing an imprimatur that such fees were appropriate nor am I ruling that any such payments were improper.  It does, however, mean that the remaining unpaid balance of $259 is disallowed.

**V. CONCLUSION.**

Therefore, IT IS HEREBY ORDERED that pursuant to 11 U.S.C. § 330(a), MLO, as counsel for the Debtors, is allowed the sum of $5,307.26 in fees and expenses, which is reasonable compensation for services rendered and expenses incurred by MLO for the Debtors between April 3, 2013, through April 4, 2014.  The Debtors already paid MLO $2,500 on November 4, 2013, and March 24, 2014, leaving a balance due of $2,807.26.  The Trustee is authorized to pay the remaining balance due as administrative expenses from the plan's attorney's fees and administrative reserve sections consistent with the confirmation order.

Dated:  October 3, 2014                                         /s/  Peter G. Cary_____
                                                                Honorable Peter G. Cary
                                                                U.S. Bankruptcy Judge